IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNNY JOHNSON, | : | |
| | : | |
| Plaintiff | : | |
| | : | CASE NO. 5:21-cv-00147-TES-CHW |
| VS. | : | |
| | : | |
| CERT OFFICER DAUGHTRY, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants | : | BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *Pro se* Plaintiff, Johnny Johnson, a previous inmate at the Georgia Diagnostic & Classification Prison in Jackson, Georgia, filed the above-captioned claim seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a Motion to Proceed *in forma pauperis*. ECF Nos. 2 and 5. Plaintiff's request to proceed *in forma pauperis* was granted and Plaintiff was ordered to pay a partial initial filing fee. ECF No. 6. Plaintiff has paid the partial initial filing fee and this case is now ripe for preliminary review.

Upon preliminary review, Plaintiff may proceed with his Eighth Amendment claims of excessive force and deliberate indifference to a serious medical need against Defendant CERT officer Daughtry for further factual development. It is **RECOMMENDED** that Plaintiff's claims for injunctive relief be **DISMISSED**.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I. Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a

preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Plaintiff's Allegations

Plaintiff's claims arise from his previous incarceration at the Georgia Diagnostic & Classification Prison in Jackson, Georgia. ECF No. 1 at 4. Plaintiff states that he is disabled, having a prosthetic leg. *Id*. Plaintiff alleges that he was pulled into a hallway away from security cameras by CERT officers Timms and Daughtry. *Id*. Plaintiff was in handcuffs. *Id*. After a verbal altercation, Defendant Daughtry "attacked [Plaintiff], hitting [him] in the mouth with his fist so hard [Plaintiff] was knocked to the floor breaking [his] left arm that was trapped under [him] because of handcuffs." *Id*. Plaintiff further alleges that both CERT officers refused to take Plaintiff to medical. *Id*. Plaintiff was eventually taken to the medical unit six hours later via Unit Manager Smith. *Id*. Plaintiff was transferred to a hospital where his arm was diagnosed as broken and he was referred to an orthopedic specialist for further care. *Id*. Plaintiff seeks damages and injunctive relief.

III. Plaintiff's Claims

Plaintiff's complaint is construed to raise claims under the Eighth Amendment for excessive force and deliberate indifference to a serious medical need against the Defendant.

*Excessive force claim*

Claims of excessive force in the context of those incarcerated following conviction are governed by the Eighth Amendment's "cruel and unusual punishment" standard. *Whitley v. Albers*, 475 U.S. 312, 317-21 (1986). Eighth Amendment excessive force claims have both an objective and subjective component, and the plaintiff has the burden of establishing both. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). To satisfy the subjective prong, the plaintiff must demonstrate that the defendant acted with a malicious and sadistic purpose to inflict harm. *Id*. at 6. To satisfy the objective prong, the plaintiff must show that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Id*. at 8 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

The key inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7). When the use of force is malicious or sadistic, "contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Id*. (ellipses in original) (quoting *Hudson*, 503 U.S. at 9). "In determining whether the force was applied maliciously and sadistically to cause harm, courts consider: 'a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response.'" *Bowden v. Stokely*, 576 F. App'x 951, 953 (11th Cir. 2014) (per curiam) (quoting *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009)).

Plaintiff alleges that, while he was handcuffed, Defendant Daughtry struck him in the mouth with such force that the Plaintiff fell backwards on his restrained arm breaking it. These

allegations, liberally construed, are sufficient to permit Plaintiff's Eighth Amendment excessive force claim to proceed against the Defendant for further factual development

*Deliberate indifference to a serious medical need claim*

Plaintiff further appears to raise a claim of deliberate indifference to a serious medical need. "It is well settled that the 'deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment.'" *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Id*. (quoting *Estelle*, 429 U.S. at 105). To state a claim under the Eighth Amendment, "a plaintiff 'must satisfy both an objective and a subjective inquiry.'" *Valderrama v. Rousseau*, 780 F.3d 1108, 1116 (11th Cir. 2015) (quoting *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005)). The objective inquiry may be met by showing an "objectively serious medical need," and the subjective inquiry may be met by showing "that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (citing *Farmer v. West*, 511 U.S. 825, 834 (1994) and *McElligott,* 182 F.3d at 1254 and *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 2003)).

"[A] serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id*. at 1243 (quoting *Hill v. DeKalb Reg'l Youth Det. Ctr*., 40 F.3d 1176, 1187 (11th Cir. 1994)). "In either of these situations, the medical need must be 'one that, if left unattended, "pos[es] a substantial risk of serious harm."'" *Id*. (alteration in original) (quoting *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000)). To establish deliberate

indifference, a plaintiff must show that "(1) the officer was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, (2) the officer actually drew that inference, (3) the officer disregarded the risk of serious harm, and (4) the officer's conduct amounted to more than gross negligence." *Valderrama*, 780 F.3d at 1116 (citing *Bozeman,* 422 F.3d at 1272).

Plaintiff alleges that after Defendant Daughtry assaulted him and broke his arm, the Defendant[1] refused to take the Plaintiff to a medical unit to be treated. After liberally construing Plaintiff's Complaint, as the Court must at this stage, these allegations are sufficient to permit Plaintiff's Eighth Amendment deliberate indifference to a serious medical need claim to proceed against the Defendant for further factual development.

IV.    Claims for Injunctive Relief

In addition to compensatory damages, Plaintiff seeks in injunctive relief in the form of the termination of Defendant's employment and prosecution of the Defendant for the assault. The relief Plaintiff seeks is not available.  District courts do not have the "authority to address state officials out of office or to fire state employees." *Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978); *see also Bush v. Camp*, 1:11–CV–64, 2011 WL 2457909 at * 2 n.1 (M.D.Ga. May 23, 2011).  District Courts also have no authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions.  *Otero v. U.S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.").  Plaintiff also has no power to originate criminal pleadings on his own

---

[1] Plaintiff states that CERT officer Timms also refused to take him to medical, but Plaintiff names only CERT officer Daughtry as a Defendant in his complaint.  *See* ECF No. 1 at 3-4.

initiative because "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero*, 832 F.2d at 141. Accordingly, it is **RECOMMENDED** that Plaintiff's claims for injunctive relief be **DISMISSED WITHOUT PREJUDICE**.

V.   Conclusion

Based on the foregoing, Plaintiff may proceed with his Eighth Amendment excessive force and deliberate indifference to a serious medical need claims against Defendant Daughtry for further factual development. It is **RECOMMENDED**, however, that Plaintiff's claims for injunctive relief be **DISMISSED**.

## RIGHT TO FILE OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to any recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff's claims against the Defendant requires further factual development, it is accordingly **ORDERED** that service be made on CERT officer Daughtry and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive

service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of**

9

**documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED**, this 6th day of August, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge